# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THOMAS W. SHARPE, #363-587 | * | |
| Petitioner | * | |
| v. | * | Civil Action Case No. RDB-10-3356 |
| KENNETH HORNING and | * | |
| THE ATTORNEY GENERAL OF MARYLAND | * | |
| | * | |
| Respondents | *** | |

## MEMORANDUM OPINION

Thomas W. Sharpe petitions for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 to challenge his June 17, 2010, conviction and sentence in the Circuit Court for Baltimore County for second-degree burglary. Counsel for Respondents moves for dismissal of the Petition for lack of exhaustion under 28 U.S.C. § 2254(b). Upon review of the Petition, the Court will DISMISS the Petition without prejudice to later refiling.

### I. Procedural History

On June 17, 2010, in the Circuit Court for Baltimore County, Sharpe pleaded guilty plea to two counts of second-degree burglary and was sentenced to 20 years in prison. Case No. 03-K-10-001129. He did not file an application for leave to appeal the entry of his plea; thus, his judgment of conviction became final on July 16, 2010, when the time for filing an application for leave to appeal expired. *See* Md. Rule 8-204 (application for leave to appeal to be filed within 30 days of date of judgment from which appeal sought). Sharpe states that he has initiated state post-conviction proceedings, but he does not state when he did so. Respondents' exhibit shows that on September 24, 2010, Sharpe filed a "Motion for New Trial, Motion Hearing, Sentencing.

And/or Post Conviction Transcript." ECF No. 3, Exhibit 1 at 6. It does not appear, however, that this pleading was treated by the Circuit Court as a properly filed state post-conviction petition.[1] Sharpe filed the instant § 2254 petition for federal habeas corpus relief on November 30, 2010.

## II. Discussion

### A. Exhaustion

A federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which petitioner was convicted. *See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodrieguez*, 411 U.S. 475, 491 (1973). Exhaustion is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). If state court remedies have yet to be exhausted, the federal court must dismiss the § 2254 petition without prejudice to allow the petitioner to return to state court. *See Slayton v. Smith*, 404 U.S. 53(1971).

For a person convicted of a criminal offense in Maryland, exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. To exhaust a claim on direct appeal, it must be raised in an appeal, if one is permitted, to the Maryland Court of Special Appeals and then to the Maryland Court of Appeals by way of a petition for writ of certiorari. *See* Md. Cts. & Jud. Proc. Code Ann., §12-201 and §12-301.

To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. *See* Md. Crim. Proc. Code Ann. §7-109. If the Court of Special Appeals denies the

---

[1] Review of the Maryland case search website at http://casesearch.courts.state.md.us/inquiry shows that Petitioner was convicted of second-degree burglary and was sentenced to fifteen years incarceration with five years suspended in Case No. 03K10001129. The website does not show a direct appeal or application for post-conviction relief was filed in the state courts.

2

application, there is no further review available and the claim is exhausted. *See* Md. Cts. & Jud. Proc. Code Ann., §12-202. If the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. *See Williams v. State,* 292 Md. 201, 210-11 (1981).

### B. Petitioner's Claims

In his petition, Sharpe claims that: 1) he did not fully understand the consequences of his guilty plea; and 2) his counsel provided ineffective assistance. He offers no indication that the claims here have been presented and exhausted before Maryland state courts. Sharpe did not pursue direct appellate relief from the entry of his plea and sentence, nor has he apparently taken the appropriate steps to initiate state post-conviction relief. Although direct appeal rights no longer remain available to him, there remains a reasonable possibility that Sharpe might still secure review for his claims in Maryland state courts by filing and pursuing state post-conviction relief.

After exhausting his state court remedies, Sharpe may refile his claims in a new § 2254 petition. Petitioner is cautioned that there is a one-year filing deadline for state prisoners filing applications for a writ of habeas corpus in federal court. *See* 28 U.S.C. § 2244(d).[2] A properly

---

[2] This section provides:

    (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

3

filed post-conviction petition will serve to toll or "stop" the running of the one-year limitations period for § 2254 petitions. Should he intend to refile this petition after his available state court remedies are exhausted, he should take care not to miss this deadline.[3]

### III. Certificate of Appealability

Lastly, when a district court dismisses a habeas petition solely on procedural grounds, a Certificate of Appealability will not issue unless a petitioner demonstrates both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

---

> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[3] Petitioner is reminded that only a properly filed application for state post-conviction review will toll the running of the one-year federal limitations period. Although Petitioner has filed a motion for modification of sentence, this pleading may not be sufficient to toll the limitations period. *See e.g. State v. Kanaras*, 357 Md. 170, 183 (1999) (noting "there is no indication in the language or history of [Maryland] Rule 4-345 that the court intended to create a separate cause of action... [I]t is part of the same proceeding and not a wholly independent action. The rule simply grants the trial court limited continuing authority in the criminal case to revise the sentence."); *Walkowiak v. Haines*, 272 F.3d 234 (4th Cir. 2001) (holding that a "Motion for Correction or Reduction of Sentence" was not a collateral proceeding to toll the limitations period under 28 U.S.C. §2244(d)(2)).

constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001). Petitioner fails to satisfy this standard or show substantial denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Accordingly, a Certificate of Appealability shall be denied. A separate Order follows.

FEBRUARY 22, 2011
Date

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE